# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA LEIGH BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-0619-CVE-TLW |
| | ) |
| FRANK J. TOMACEK, JR., M.D., | ) |
| FRANK J. TOMACEK, JR., M.D., P.L.C., | ) |
| OKLAHOMA SPINE & BRAIN | ) |
| INSTITUTE, L.L.P., TULSA SPINE & | ) |
| SPECIALTY HOSPITAL, L.L.C., | ) |
| BIOMET, INC., BIOMET SPINE, L.L.C., | ) |
| EBI, L.L.C., and BIOMET TRAUMA, L.L.C., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Objection to Opinion and Order of August 28, 2012 (Dkt. ## 67, 68). Plaintiff Dana Leigh Barton objects to the magistrate judge's order (Dkt. # 66) granting defendant Tulsa Spine & Specialty Hospital, LLC's (the Hospital) motion for a protective order. Plaintiff seeks the production of financial documents in the possession of Stillwater National Bank and Trust Company (the Bank) on the ground that the requested information is relevant to her claim of civil conspiracy. The magistrate judge found that the information was not relevant to a claim or defense raised by any party and also that the information was not relevant to the subject matter of this action, and he granted the Hospital's request for a protective order.

## I.

On October 7, 2011, plaintiff filed this case alleging that she visited Frank J. Tomecek, Jr. M.D., a spinal specialist, complaining of back pain after she slipped and fell on ice. Dkt. # 2, at 3. She claims that she received treatment from other medical providers but the treatment did not

significantly reduce her back pain. Dr. Tomecek advised plaintiff to undergo "complex spinal surgery" that she now believes was unnecessary. Id. at 4-5. The surgery was performed at the Hospital. She claims that the surgery resulted in "flat back syndrome, which occurs when the spine is fused straighter than its natural curve, causing pain and disability." Id. at 5. Plaintiff visited another physician who recommended that plaintiff have a second surgery to remove the hardware installed by Dr. Tomecek. Id. Even with the second surgery, plaintiff alleges that will suffer severe back pain for the rest of her life.

Her legal claims against Dr. Tomecek are based on her assertion that the initial surgery was unnecessary and negligently performed. Id. She also argues that Dr. Tomecek has a financial interest in the Hospital and that he had a financial incentive, in addition to the ordinary payment received by a physician, for encouraging plaintiff to undergo complex and unnecessary surgery. Id. at 7. Plaintiff cites a study by Jean M. Mitchell, Ph. D, a professor at Georgetown University, in which Dr. Mitchell found that the number of complex surgeries increased in areas of the country, such as Oklahoma, where physician-owned specialty hospitals are utilized. Id. at 6. Although not prepared for this litigation, Dr. Mitchell specifically studied practices at the Hospital as part of her research. Dkt. # 67, at 4. Plaintiff alleges eight claims for relief in her complaint: (1) negligence; (2) breach of fiduciary duty; (3) vicarious liability; (4) res ipsa loquitor;[1] (5) failure to obtain informed consent; (6) fraud; (7) civil conspiracy; (8) products liability. Dkt. # 2.

Plaintiff attempted to subpoena the following documents from the Bank:

A complete copy of the entire loan file, including but not limited to all documents, mortgages, notes, guarantees of any type, initial private offerings documents,

---

[1] The Court notes that "res ipsa loquitur" is not a claim for relief but, rather, a method of establishing breach of duty in a negligence claim.

> financial statements, cash flow projections, articles of organization, operating agreements, business profiles, business plans, equipment and inventory, tax information, leases, and any mortgage and/or assignment of interest relating to Tulsa Spine & Specialty Hospital, LLC . . . .

Dkt. # 50-1, at 2. These documents date back to the Hospital's inception in 1999. Counsel for plaintiff and the Hospital conferred, and the Hospital agreed to the production of some of the information sought by plaintiff. Dkt. # 50, at 2. However, the parties could not agree on the production of "financial statements" and related documents, including Dr. Tomecek's K-1 schedules and attached statements. The Hospital agreed that plaintiff could discover the relevant financial statements and K-1 schedules for 2008 and 2009, but it would not agree to the production of financial statements and K-1 schedules before 2008. Plaintiff asserted that financial statements and K-1 schedules dating back to 1999 were relevant to her civil conspiracy claim and were necessary for review by her expert witness, Ronald T. Luke, J.D., Ph. D.

The Hospital filed a motion for protective order (Dkt. # 50) seeking to modify plaintiff's subpoena duces tecum. The Hospital agreed to produce its annual financial statement for 2008-2009 under an agreed protective order, but it argued that financial statements preceding that time period were irrelevant to plaintiff's claims. Dkt. # 50, at 4. Plaintiff responded that "[the Hospital's] and Dr. Tomecek's *expectations* of profit are germane because, upon information and belief, these expectations impacted their practice patterns and improperly influenced decisions relating to [plaintiff's] medical care and treatment." Dkt. # 53, at 3 (emphasis in original). Magistrate Judge T. Lane Wilson set the matter for a hearing on May 31, 2012. At the hearing, he directed plaintiff's counsel to review the Hospital's financial documents from 2008 and 2009 to determine if he could "make a direct connection between plaintiff's claims and the financial statements prior to 2008," and plaintiff could file a supplemental response to the Hospital's motion for protective order if plaintiff

3

wanted to continue to seek the production of the Hospital's pre-2008 financial records. Dkt. # 55. Plaintiff's counsel reviewed the Hospital's 2008 and 2009 financial records and advised the magistrate judge that plaintiff still sought discovery of financial records predating 2008. Dkt. # 57. The magistrate judge held a second hearing and heard oral argument on the Hospital's motion for protective order. He took the matter under advisement and subsequently issued an opinion and order (Dkt. # 66) granting the motion for protective order. He found that the Hospital had standing to object to the subpoena, because plaintiff was seeking the disclosure of the Hospital's financial records. Dkt. # 66, at 5. As to the merits of the discovery dispute, he noted that plaintiff's civil conspiracy claim was not based on an assertion that the Hospital engaged in a pattern or practice of performing unnecessary surgery but, instead, that her surgery was unnecessary. Id. at 8. The financial documents she seeks would not tend to prove that her surgery was unnecessary, and the relevance of the information was not readily apparent. Id. at 9. He also considered plaintiff's argument that the Hospital had a "profit motive" for performing unnecessary surgeries. However, the Hospital had already produced financial documents from the time period near plaintiff's surgery, and plaintiff had not shown that she needed financial documents pre-dating 2008 to establish that her surgery was unnecessary or negligently performed. Id. at 10-11.

## II.

Federal magistrate judges may hear and determine any pretrial matter that is not dispositive of the case and must enter a "written order setting forth the disposition of the matter." 28 U.S.C. § 636(b)(1); Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006). Fed. R. Civ. P. 72(a) provides that an order of the magistrate judge on a pretrial matter that is not dispositive shall be set aside or modified only if the order is found to be clearly erroneous or contrary to law. Under this

standard, the district court should affirm the magistrate judge's order "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (quoting Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988)).

## III.

Plaintiff argues that she is entitled to discover financial statements and Dr. Tomecek's K-1 schedules dating back to the inception of the Hospital in 1999, because this evidence tends to show that Dr. Tomecek had a financial incentive to advise plaintiff to undergo surgery. Dkt. # 67, at 9. She claims that this will support an inference that her surgery was unnecessary. She also states that it is necessary for her expert to "accurately determine what Dr. Tomecek is receiving from his ownership interest in TSSH and how TSSH has benefitted from various spinal surgeries." Id. at 7.

The Hospital's motion for a protective order challenging the relevance of the documents sought in the subpoena served on the Bank is governed by Fed. R. Civ. P. 26, even though the subpoena itself was issued under Fed. R. Civ. P. 45. SEC v. Dowdell, 144 Fed. Appx. 716, 722 (10th Cir. Aug. 3, 2005)[2]; Rendon Group, Inc. v. Rigsby, 268 F.R.D. 124, 126 (D.D.C. 2010); Shirazi v. Childtime Learning Ctr., Inc., 2008 WL 4792694 (W.D. Okla. Oct. 31, 2008). Rule 26(b) provides in pertinent part:

> . . . Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

5

> the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

Fed. R. Civ. P. 26(b). The Tenth Circuit has explained that Rule 26(b) creates a two-tiered discovery process; "the first tier being attorney-managed discovery of information relevant to any claim or defense of a party, and the second being court-managed discovery that can include information relevant to the subject matter of the action." In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1188-89 (10th Cir. 2009). When the parties disagree as to the relevance of requested discovery, the court becomes "involved to determine whether discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action." Id. at 1189.

Courts use a broad definition of relevance when determining whether discovery is permissible, because discovery "is designed to help define and clarify the issues." Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc., 2012 WL 1801979 (D. Colo. May 16, 2012) (quoting Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995)). When it is "readily apparent" that the information sought is relevant, the burden is on the party opposing the discovery request to show that the need for the discovery is outweighed by the potential harm to the party resisting discovery. Lykins v. CertainTeed Corp., 2012 WL 3578911 (D. Kan. Aug. 17, 2012); Smith v. Sentinel Ins. Co., Ltd., 2011 WL 2883433 (N.D. Okla. July 15, 2011). When the relevance is not readily apparent, the party seeking the discovery has the burden to show the relevance of the information requested. Design Basics, LLC v. Strawn, 271 F.R.D. 513, 523 (D. Kan. 2010). While the concept of relevance for discovery purposes is quite broad, Rule 26 does not authorize unlimited discovery. Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010). The mere fact that a plaintiff offers a "broad theory of the case" does not automatically justify

equally broad discovery, "unless the discovery is relevant to the plaintiff's actual claims or defenses." In re Cooper Tire & Rubber Co., 568 F.3d at 1193.

The magistrate judge determined that the relevance of plaintiff's discovery request was not readily apparent, and the Court agrees. Dkt. # 66, at 7-8. The financial documents requested by plaintiff will not directly assist her in establishing that her surgery, or any other surgery performed at the Hospital, was necessary or unnecessary. Even if the documents show an increase in the number of complex and expensive surgeries, this does not tend to show whether the surgeries were necessary for the patient or were elective or unnecessary surgeries. Financial documents may provide additional evidence that the Hospital and/or Dr. Tomecek have a financial motive for having surgeries performed at the Hospital. However, the Hospital's for-profit status is not in dispute and plaintiff is already in possession of financial documents from 2008 and 2009 showing the Hospital's financial gain from plaintiff's surgery and other surgeries performed at the Hospital during that time period. See Dkt. # 67-10 (the Hospital's income statement for the financial years ending on December 31, 2008 and 2009). Thus, the magistrate judge appropriately put the burden on plaintiff to establish that the requested discovery was relevant to a claim or defense.

Plaintiff primarily argues that the Hospital's financial statements and other requested documents are relevant to her civil conspiracy claim. Under Oklahoma law, a civil conspiracy "consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." Brock v. Thompson, 948 P.2d 279, 294 (Okla. 1997). To prove a civil conspiracy claim, a plaintiff is required to show that two or more persons agreed to accomplish a particular objective, that they engaged in one or more overt acts, and that the plaintiff suffered damages as a proximate result of the conspiracy. Schovanec v. Archdiocese of Oklahoma City, 188 P.3d 158, 175

(Okla. 2008). Plaintiff's arguments overlook the key issue that whether her surgery was necessary is a medical issue, and this fact will have to be established by expert medical testimony and not financial documents. The hospital is a for-profit business and it is undisputed that the Hospital intended to make money by having plaintiff's surgery performed at its facilities. Plaintiff could be arguing that the Hospital and Dr. Tomecek engaged in a pattern or practice of performing unnecessary surgeries at the Hospital. However, the magistrate judge found that plaintiff was not alleging a "pattern or practice" claim in her complaint and, even if she had, the financial records she seeks would not tend to show that her surgery or any other surgery fell within the category of allegedly unnecessary procedures performed solely for profit motive. Dkt. # 66, at 8. This was a reasonable conclusion based on plaintiff's complaint and the record before the magistrate judge. The Court finds no basis to disturb the magistrate judge's decision that the requested discovery was irrelevant to a claim or defense.

Plaintiff also argues that the financial statements and K-1 schedules are relevant to the "subject matter of the action," and that she has established good cause for the production of these records. Plaintiff's primary argument is that the Hospital and Dr. Tomecek advised her to have unnecessary surgery based on their profit motive, and this "profit motive" is relevant to the subject matter of the action, even if it is not relevant to a particular claim or defense. Dkt. # 67, at 12. The magistrate judge rejected this argument for four reasons. First, he found the Hospital's status as a for-profit hospital is not in dispute. Dkt. # 66, at 10. Second, the alleged increase in complex surgeries after the formation of the Hospital would not tend to show that plaintiff's surgery was unnecessary. Id. Third, even if he assumed that the Hospital encouraged doctors to perform unnecessary surgeries, this would not show that "plaintiff's surgery was among the subset of

'increased surgeries' that were motivated by the Hospital's (or its physician owners') desire for pecuniary gain." Id. at 11. Fourth, the Hospital has produced financial records for 2008 and 2009, and plaintiff has not shown that financial records predating her surgery are relevant. Id. These findings are reasonable based on the parties' arguments and the record before the magistrate judge. In her appeal, plaintiff argues that she intends to offer expert testimony at trial concerning the Hospital's alleged profit motive and the impact of the profit motive on treatment provided by the Hospital's physician-owners. Dkt. # 67, at 13. However, assuming that plaintiff is permitted to offer this testimony at trial, this does not tend to show that the Hospital's financial records dating back to 1999 are relevant to the subject matter of the action. As the magistrate judge noted, the focus of plaintiff's claims is the necessity of her surgery, and the financial records would not tend to show whether plaintiff's surgery or any other surgery performed at the Hospital fell into the category of allegedly unnecessary medical procedures. The Court finds that the magistrate judge's ruling that t [Pl's Objection / Appeal re Mag Order [66]] he requested discovery was not relevant to the subject matter of the action was not clearly erroneous or contrary to law. The magistrate judge entered a thoughtful and well-reasoned decision that is clearly supported by Tenth Circuit precedent, and plaintiff's objection to the magistrate judge's opinion and order should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Opinion and Order of August 28, 2012 (Dkt. ## 67, 68) is **denied**.

**DATED** this 3rd day of October, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9